### LENNON v. CANADIAN PAC. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. July 27, 1911.)

No. 1,708.

CARRIERS (§ 287*)—INJURIES TO PASSENGER—NEGLIGENCE.

Plaintiff, a young woman, while riding in defendant's sleeping car, arose near midnight, dressed herself, and passed out onto the front platform of the sleeper, in order to get fresh air, while the train was at Detroit. She remained on the rear platform of the day coach for several minutes, returned to her berth, and shortly afterwards again arose, went to the platform of the sleeper, and was permitted to step down onto the deck of a ferry as the train was being ferried across a river. As the ferry was nearing the shore she returned to the sleeper, sat down on her berth, and about 2 o'clock a. m., while the train was standing at a depot, finding the air hot and stuffy, she passed out of the sleeper to the rear platform of the day coach, the vestibule doors to which were both open, and descended the steps to the ground on the side opposite the depot and some distance back of the end of the platform, in defendant's switching yard. Just as she reached the ground, the train began to move, without signal, as she claimed, when she grabbed the rear handle bar of the rear platform of the day coach, lost her balance, fell under the wheels, and lost one of her limbs. *Held*, that since nothing short of actual knowledge of plaintiff's peril would cast on defendant any responsibility, and as the highest degree of care did not require it to anticipate that plaintiff would leave her berth at that hour and pass out of the vestibule onto the ground, wait until the train started, and then unsuccessfully attempt to regain the platform, actionable negligence was not shown.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 287.*

Injuries to railroad passengers while occupying positions other than regular seats, see note to St. Louis, I. M. & S. Ry. Co. v. Leftwich, 54 C. C. A. 4.]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Genevieve M. Lennon against the Canadian Pacific Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Plaintiff in error was, at the time of the injury complained of, a young woman aged 19 years, on her way from her home at Joliet, Ill., to Toronto, Canada, at which latter city she was intending to enter a community of nuns. She was little experienced in travel, having previously taken the trip from Joliet to Toronto and return in the company of an older sister, and also a number of short trips to places near her home. On the night of the accident she was a sleeping car passenger upon the train of defendant in error. At about 2 o'clock in the morning, Eastern time, on July 24, 1909, and while the train was standing near the depot at Windsor, Canada, plaintiff in error, finding the air of the car hot and stuffy, and thinking, as she claims, that she was at Detroit, where the train was advertised to stop 45

---

minutes; left her berth and passed through the front door of the sleeper to the rear platform of the day coach ahead, the vestibule doors to which were both open (as, it is conceded, was customary for that part of the run—though this was not known to the plaintiff in error), and at once descended the steps of the day coach to the ground, upon the side opposite the depot and some distance back of the end of the platform, as she afterwards ascertained. Her object in going out was, as she says, to get the fresh air. The place where she was standing was in the switching yard of defendant in error, at said Windsor. Just as she reached the ground, and, as she claims, without giving any signal which she heard, the train began to move. She at once grabbed the rear handle bar of the rear platform of the day coach, lost her balance, and fell under the wheels, which ran over and crushed her right leg, necessitating amputation. She was not discovered until after the train had gone. She saw no one of the train employés from the time she left the sleeper until she fell. It appears from the record that she went to bed about 9 o'clock; that, prior to arriving at Windsor, and while at Detroit station, between 11:20 p. m. and 12:05 o'clock a. m., Central time, she had arisen, dressed, and gone out onto the front platform of the sleeper in order to get fresh air. Finding the vestibule doors of the sleeper platform closed, she had passed to the rear platform of the day coach, where she remained several minutes. On returning to her sleeper she found the door locked. Thereupon a gentleman summoned the porter, who opened the door for her, when she again lay down in her berth. Upon hearing the clanking of chains shortly afterwards, she again arose, went to the front platform of the sleeper, and on request the vestibule door was opened and she was permitted to step down onto the ferry deck. When the ferry was nearing shore, she returned to the sleeper and sat down on her berth. The train was thereupon reassembled and drawn up to the place of the accident, which immediately followed the stopping of the train. Suit was brought to recover damages for the injuries so sustained. The declaration charges negligence on the part of defendant in error in starting the train without warning to plaintiff in error while the vestibule doors were open, and without in some way indicating which was the right side of the train to disembark therefrom for the purpose of stepping down upon the ground.

· At the conclusion of plaintiff's evidence, the court directed a verdict for the defendant and entered judgment for costs, from which order of the court this writ of error was taken. The plaintiff assigns as error the action of the court in directing a verdict and entering judgment against plaintiff in error, and in holding that the plaintiff was guilty of contributory negligence as a matter of law.

James C. McShane, for plaintiff in error.

John Barton Payne, John D. Black, and Walter H. Jacobs, for defendant in error.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). There is nothing in the record to justify the assignment of error based upon the claim that the court found plaintiff in error guilty of contributory negligence as a matter of law. The court found that defendant in error was guilty of no negligence, and that the accident was attributable alone to the negligence of the plaintiff in error. The substance of the issue here presented is: Did the defendant in error do or fail to do anything in the premises, which, under the rule of liability obtaining between a carrier and a passenger, could have been anticipated by it as likely to result in personal injury to the passenger while in the exercise of reasonable care?

· Could the defendant in this case, in the exercise of that great degree of care required in such case, have reasonably anticipated that

the plaintiff would leave her berth at the hour of 2 o'clock in the morning, pass through the sleeping car vestibule onto the rear platform of the day coach, descend the steps thereof to the ground, wait until the train started, then unsuccessfully attempt to regain the platform and be thrown under the wheels?

In Laub v. Chicago, B. & Q. Ry. Co., 118 Mo. App. 488, 499, 94 S. W. 550-553, the court, speaking of the right of a passenger to leave the train at an intermediate station for the purpose of exercise and relaxation says:

"But the cases where a passenger may temporarily leave the train at an intermediate point, without being guilty of negligence, are, at most, exceptions to a general rule. Ordinarily a passenger's place is in the cars provided by the carrier for the carriage of passengers. * * * Stops at way stations usually are very brief, and the trainmen generally are busily engaged in the performance of imperative duties that should not be increased by passengers who have no better reason for leaving the cars than curiosity or caprice. Obviously, a passenger, who from such motives leaves the train on a dark night at an intermediate station, where only a momentary stop is made, and permits it to pull out and leave him, voluntarily subjects himself to an unnecessary risk, and his own negligence should be regarded as the proximate cause of an injury he may receive in his efforts to overtake the train. The carrier is under no duty to anticipate that he will do a thing so foolish. * * *"

It must be assumed that the defendant knew the destination of its passengers, and that there was no one in the sleeper who expected to leave the train at Windsor. Its trainmen could not have anticipated that a passenger would leave the sleeper and go onto the day coach platform, or otherwise expose herself to the dangers or temptations of an open vestibule door; nor can it be claimed that the absence of a closed vestibule door on another car platform is an invitation to a passenger upon a neighboring car to alight, the acceptance of which invitation it was the duty of the carrier, in the exercise of its required care toward a passenger, to anticipate and render impossible. Surely the defendant could not have foreseen that a young woman, unattended, would leave the train in such a spot and at such an hour.

In Cain v. Louisville & N. R. Co. (Ky.) 84 S. W. 583, a suit brought by a young woman who had left a train at an intermediate station by mistake, and who had received injuries in attempting to walk to the next station, it was held that:

"The conductor had no right to suppose that she would get off the train at a station other than the one for which her ticket called. He had the right to presume that a girl of her age was possessed of sufficient intelligence to remain on the car until her station was called."

In the case at bar, nothing short of actual knowledge of plaintiff's peril could have cast upon defendant any responsibility for her injuries. The evidence discloses no such knowledge. The claim that the trainmen failed to give the usual or other signals on starting up, even were she entitled to raise that question, is not sustained by her testimony. She simply did not hear them. Under all the facts of the case, there is no rule of law which makes the railroad company liable for her accident. It was one of those distressing events which

happen out of the regular course of things, due to conditions for which the defendant was not to blame, and for which it would be unjust to hold the carrier responsible.

The judgment of the Circuit Court is therefore affirmed.