### GRIGGS v. ERIE R. CO.
### No. 5163.

Circuit Court of Appeals, Third Circuit.

June 1, 1934.

George W. C. McCarter and Sidney R. Pine, both of Newark, N. J., for appellant.

Hobart & Minard, of Newark, N. J. (Ralph E. Cooper and George S. Hobart, both of Newark, N. J., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

On the day in question, John S. Griggs, Jr., was a passenger on a local interurban train of defendant running from Montclair to Jersey City. He occupied a seat in a passenger coach. While the train was in motion and about to round a curve at Montclair Station, Mr. Griggs left his seat and went to the toilet, but could not open the door. Whether it was occupied or was locked by the train men in view of station approach does not appear. Instead of waiting until the occupant, if there was one, came out or some trainman could be asked to open the toilet, Mr. Griggs, for some reason, of which there is no proof, went out on the platform, evidently intending to go into the next car. In doing so, he threw up his hands, apparently to prevent his hat being blown off, lost his balance, fell from the train, and was killed. His executor brought this suit, and, after hearing the testimony of both sides, the court instructed the jury to find for the defendant. Thereupon the plaintiff took this appeal.

■■■ In so doing, we are of opinion the court was not in error. A statute of New Jersey, in which state the accident occurred and the case was tried, provided:

"39. Liability for injuries to passengers; when not incurred; seats in cars.—In case any passenger on any railroad shall be injured by reason of his going or remaining on the platform of a car or on any baggage, wood or freight car, in violation of the print-

ed regulations of the company posted up in a conspicuous place inside of its passenger cars on the train, such company shall not be liable for the injury; provided said company at the time furnished seats inside its passenger cars sufficient for the proper accommodation of its passengers. (P. L. 1903, p. 666.)" 3 Comp. St. N. J. 1910, p. 4240.

A prominent sign in the car gave warning, "Passengers must keep off the platform until the train stops." In view of this statute and warning and the defendant having provided him a seat in the car, the deceased wrongfully, and at his own risk, went on the platform while the train was in motion and subjected himself to danger and injury for which the statute forbade his recovering. His wrongfully going on the platform subjected him to the risk of being thrown from the moving train if he lost his balance. He left the place of safety the defendant provided and put himself in a place of danger, in which the statute forbade his recovering. Not only did this forbidden act of his cause his death, but we find no evidence of negligence on the part of the railroad. The car was provided with adequate toilet facilities. It is a common occurrence for passengers desiring to visit such place to find some one occupying it or that it is temporarily locked. But the all-sufficient reason is that, while the statute has made the nonseating of passengers a possible reason for a passenger going on the platform, it has made no other exception. So also with the alleged lurch of the train. The proofs fail to show negligence in track construction or such sudden, unusual jerk, or pull as, under the cases, evidences negligence. See Gulf, M. & N. R. Co. v. Wells, 275 U. S. 458, 48 S. Ct. 151, 72 L. Ed. 370. In that regard the law is well stated in Delaney v. Buffalo, R. & P. R. Co., 266 Pa. 124, 109 A. 605, 606:

"So far as this question has come before the American courts, it has been held with practical unanimity that a railroad company is not liable for injury to a passenger on a fast train by the lurching of the train, due to sharp curves in the track caused by the configuration of country, if the track is well constructed and the train properly operated under the circumstances of the case, as the risk of such injury is an incident of travel assumed by the passenger."

Nor does the fact that the side bars were not down evidence negligence, for such bars were only drawn down to stop passengers from getting off a side of the car at the Jersey City terminal in case of excursion trains where they might be subjected to danger.

After a full study of the case, we are satisfied the accident was not caused by any act or omission of the railroad, but wholly and solely by the deceased violating the provisions of the statute.

Accordingly, the judgment is affirmed.