Harold MUNSEY, Administrator for the Estate of Bert Munsey, Deceased, Appellant,

v.

TESTWORTH LABORATORIES, Inc., Appellee.

No. 12501.

United States Court of Appeals Sixth Circuit.

Dec. 17, 1955.

T. Arthur Jenkins, Manchester, Tenn., for appellant.

George H. Armistead, Jr., Nashville, Tenn., Charles L. Cornelius, Jr., Nashville, Tenn., on brief, for appellee.

Before ALLEN, MARTIN and STEWART, Circuit Judges.

PER CURIAM.

The appellant initiated this action in the Tennessee state court by causing a summons to be issued and served upon the appellee, an out-of-state motorist, through the Tennessee Secretary of State in conformity with the applicable state statute, §§ 8671–8673, Official Code of Tennessee. Not until four months later did appellant file his declaration in the state court, as permitted by Tennessee law. § 10331 Official Code of Tennessee. Four days after the declaration was filed,

and only two days after it had been received by the appellee, the appellant caused a default judgment in his favor to be entered in the state court, as also permitted by Tennessee law. § 10332, Official Code of Tennessee. Under the state practice this judgment could be vacated within thirty days or before the end of the court term, whichever first occurred. Suzore v. Rutherford, 1952, 35 Tenn.App. 678, 251 S.W.2d 129.

Two days after the default judgment had been entered and within a week from the time the declaration had been filed, the appellee petitioned the federal district court for removal of the cause. This petition was granted, the default judgment previously entered by the state court was set aside, and a jury trial on the merits was had in the federal court, resulting in a judgment for the appellee.

By appropriate motions the appellant asserted his position throughout the proceedings that the federal court was without power to proceed, since a judgment had been entered in the state court prior to removal. He maintains that position upon this appeal.

We agree with the district court that the appellant's contention is without merit. It was the declaration, not the summons, which was the initial pleading in this case. A summons is a writ, not a pleading. Gogan v. Jones, Tenn.1954, 273 S.W.2d 700. The petition for removal was therefore filed well within the twenty day period provided by the federal statute. 28 U.S.C.A. § 1446 (b).

Prior to removal the state court judgment was concededly subject to being set aside in the state court. It was subject to the same hazard in the federal court after removal. 28 U.S.C.A., § 1450. "When a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court." Savell v. Southern Railway Co., 5 Cir., 1937, 93 F.2d 377, 379, 114 A.L.R. 1261. However, the federal court was not limited to thirty days within which to set aside the judgment, that limitation being merely a rule of practice governing Tennessee courts. Savell v. Southern Railway Co., supra.

The orders and judgment of the district court are affirmed.