Gregory ZOLMAN, Plaintiff,

v.

**UNITED STATES of America, Defendant.**

No. 1:00–CV–285.

United States District Court, W.D. Michigan, Southern Division.

March 28, 2001.

Gregory Zolman, Lake Ann, MI, pro se.

W. Francesca Ferguson, U.S. Attorney's Office, Western District of Michigan, Grand Rapids, MI, Joseph L. Meadows, U.S. Department of Justice, Washington, DC, for United States.

## MEMORANDUM OPINION APPROVING REPORT AND RECOMMENDATION

McKEAGUE, District Judge.

This case presents a tort action by a pro se plaintiff. On March 15, 2000, plaintiff Gregory Zolman filed a complaint in the Grand Traverse County Circuit Court against Internal Revenue Service employees Richard Vervisch, Larry Haines, Michael Gruba and ten unnamed "Doe" defendants. On April 14, 2000, after the defendants failed to appear, plead, or otherwise defend within the 28–day period allowed by state law, default judgment was requested by plaintiff and entered by the Clerk of the Court against defendants Haines and Vervisch in the amount of $600, plus $55.12 in costs and fees.[1]

On April 21, 2000, defendants removed the action to this Court pursuant to 28

---

1. Defendant Gruba was served at a later date and was therefore not in default at the time judgment was requested.

U.S.C. §§ 2679(d)(2), 1441(a) and (b), and 1442(a)(1).[2] Attached to the defendants' notice of removal is certification by the United States Attorney for this district that the defendants Vervisch, Haines, and Gruba "were acting within the scope of their employment and office as employees of the United States at the time that the incident out of which plaintiff's claims arose allegedly occurred." Due to this certification, the United States was automatically substituted as the party defendant. 28 U.S.C. § 2679(d)(1). A motion for an extension of time in which to answer or otherwise respond to the complaint was granted on April 27, 2000. On May 10, 2000 the United States moved to set aside the state default judgment pursuant to Fed.R.Civ.P. 60(b). The United States also moved to dismiss the action pursuant to Fed. R.Civ.P. 12(b).

Plaintiff has responded by opposing the United States' motions, asserting that the state court default judgment is valid, and expressing confusion as to the removal of the action. On January 2, 2001, United States Magistrate Judge Joseph G. Scoville issued a report and recommendation pursuant to 28 U.S.C. § 636(b), recommending that both of defendant's motions be granted. Plaintiff has timely filed objections to the magistrate judge's report and recommendation.

### I

■ The magistrate judge recommends that the United States be awarded relief from default judgment under Fed.R.Civ.P. 60(b)(1). Rule 60(b)(1) provides relief due to "mistake, inadvertence, surprise, or ex-

cusable neglect." Federal courts have applied this rule liberally when the defendant moves promptly for relief, shows that the default was not willful, that the defendant has a meritorious defense, and that the opposing party will not be prejudiced. *See American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir.1996).

The United States has met these requirements. The Court concurs in the magistrate judge's findings. The United States acted promptly in filing its motion. The government employees or its attorneys do not appear to have willfully allowed the state court default judgment to be entered. The action was removed to this Court one week following the entry of default judgment. The United States has a meritorious defense, discussed below. Finally, the plaintiff has shown no prejudice resulting from the government's delayed response. Accordingly, the United States' motion will be granted and the default judgment will be set aside.

### II

■ In his complaint, plaintiff alleges that he was maliciously defamed by Vervisch, Haines, and Gruba when they imputed to him the commission of certain federal crimes. Although his complaint purports to assert two claims, the second, entitled "malice," appears to merely clarify and augment the allegations of his first claim, entitled "defamation." The Court agrees with the magistrate judge's conclusion that plaintiff has failed to state a claim upon which relief can be granted.

Further, to the extent it is not clear, on the present record, that defendants timely removed this action, the Court notes that plaintiff waived his right to object to any procedural defect by failing to move for remand within 30 days after the filing of the notice of removal. See 28 U.S.C. § 1447(c).

---

**2.** The fact that a partial default judgment had already issued in the state court did not defeat defendants' right of removal. See *Matter of Meyerland Co.*, 960 F.2d 512, 517 (5th Cir. 1992); *Munsey v. Testworth Laboratories, Inc.*, 227 F.2d 902, 903 (6th Cir.1955).

By virtue of the United States' substitution as the proper party defendant, plaintiff's defamation claim must be deemed to have been brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* As observed by the magistrate judge, before suit can be filed under the FTCA, a plaintiff must initially exhaust administrative remedies. Because plaintiff has failed to plead or demonstrate compliance with the necessary prerequisites, his claim under the FTCA is jurisdictionally barred. *See Fishburn v. Brown,* 125 F.3d 979, 982 (6th Cir.1997).

■ Furthermore, even if plaintiff had first sought and exhausted administrative remedies, his defamation claim would still be excluded from recovery under the FTCA. 28 U.S.C. § 2680(h). A defamation claim is an excepted claim upon which neither the United States nor its employees may be sued. *United States v. Smith,* 499 U.S. 160, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991). That is, the FTCA also protects federal employees from liability for allegedly slanderous conduct committed within the scope of their employment. *Henson v. NASA,* 14 F.3d 1143, 1147–48 (6th Cir.1994).

■ Plaintiff insists the individual agents acted outside the scope of their employment. However, plaintiff has failed, in both his complaint and his objections, to allege with any specificity exactly how the Internal Revenue agents acted outside the scope of their employment. Plaintiff cites Internal Revenue Code and other statutory provisions, arguing in general terms that the agents violated their own regulations and procedures. Yet, plaintiff fails to specifically state the manner in which the agents, in their alleged defamation, acted outside the scope of their duties, so as to be subject to liability in tort notwithstanding 28 U.S.C. § 2680(h).

Despite having been afforded ample opportunity to do so, plaintiff has failed to explain or amend his complaint so as to state a valid claim upon which relief can be granted. The United States' motion to dismiss the complaint must therefore be granted.

### III

Accordingly, the Court approves the magistrate judge's report and recommendation over objection. An order consistent with this opinion shall issue forthwith.

### REPORT AND RECOMMENDATION

SCOVILLE, United States Magistrate Judge.

This is a civil tort action brought by a *pro se* plaintiff against three employees of the Internal Revenue Service (IRS). The action was initiated in the Grand Traverse County Circuit Court by the filing of a complaint on March 15, 2000. On April 14, 2000, plaintiff was granted a default judgment against defendants Haines and Vervisch in the amount of $655.12, because of their failure to appear, plead, or otherwise defend within the 28–day period allowed by state law. Defendants thereafter removed the action to this court. The matter is before the court on defendants' motion to set aside the default and to dismiss the action (docket # 7). District Judge David W. McKeague has referred all pretrial matters, including dispositive motions, to me pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, I conclude that both motions are meritorious and recommend that the default judgment be set aside and that this action be dismissed.

### Proposed Findings of Fact

This case was initiated by plaintiff by the filing of a complaint in the Grand Traverse County Circuit Court on March

15, 2000. *Zolman v. Vervisch,* case no. 00–7291–GC. The complaint is brought against three employees of the IRS in Grand Traverse County, Michigan, as well as ten unnamed "John Doe" defendants. Read with the liberality due *pro se* pleadings, the complaint sets forth state-law claims for defamation arising from statements allegedly made by defendants that imputed to plaintiff the commission of criminal offenses. Although the complaint contains a second count captioned "Malice," this count does not appear to set forth a separate cause of action, but was apparently intended to plead with specificity the facts establishing the element of malice necessary to plaintiff's defamation claim. The complaint sought $1 million in damages, trebled pursuant to Michigan law.

Plaintiff served the defendants by certified mail, as allowed by Michigan law. MICH. CT. R. 2.105(A)(2). Neither party has made an adequate effort to document the course of proceedings in the state court. Nevertheless, it appears that defendants Vervisch and Haines received the summons and complaint shortly after March 15, 2000. Defendant Gruba was not served until March 28, 2000. On April 14, 2000, plaintiff filed an application for the entry of a default against defendants Haines and Vervisch, asserting that they had failed to appear, plead or otherwise defend as provided by law. On the same day, the Clerk of the Court entered default against those parties. Again on the same day, the Clerk of the Circuit Court entered judgment in the amount of $600, plus $55.12 costs, in favor of plaintiff and against defendants Haines and Vervisch.

By notice of removal filed April 21, 2000, attorneys employed by the United States of America removed the action to this court pursuant to 28 U.S.C. § 2679(d)(2). Appended to the notice of removal was a certification of the United States Attorney for this district, finding that defendants Vervisch, Haines and Gruba "were acting within the scope of their employment and office as employees of the United States at the time that the incident out of which plaintiff's claims arose allegedly occurred." Although a default had already been entered against two of the defendants, the United States moved for an extension of time in which to answer or otherwise plead to the complaint (docket # 3). Judge McKeague granted the motion on April 27, 2000, and extended the time for response to the complaint to June 5, 2000 (docket # 6).

On May 10, 2000, the United States moved pursuant to Fed.R.Civ.P. 60(b) to set aside the state default judgment entered against defendants Vervisch and Haines. The United States further moved pursuant to Fed.R.Civ.P. 12(b) to dismiss this action on a number of grounds. In response, plaintiff filed a "motion" opposing the request of the United States. Plaintiff's motion asserts that the default judgment was entered in the state-court action and that plaintiff does "not know where 1:00cv 285 case came from." (docket # 10, ¶ 1). Plaintiff provided the court with a copy of the default judgment and related papers from the circuit court action.

### Discussion

### I. Motion for Relief From Default Judgment

■ By the filing of the certification of the United States Attorney, the United States of America was automatically substituted as the party defendant in this action. 28 U.S.C. § 2679(d)(1). Thereafter, any remedy for the wrongs asserted in plaintiff's complaint is provided by the Federal Tort Claims Act against the United States, and not the former individual

parties. *See Henson v. NASA*, 14 F.3d 1143, 1147 (6th Cir.1994).

■■] As the sole defendant in the present case, the United States has moved pursuant to Fed.R.Civ.P. 60(b) for relief from the default judgment entered against former defendants Haines and Vervisch. It is clear that a judgment in a removed state-court action is subject to being modified or set aside under the Federal Rules, just as if the judgment had been entered in the federal court. *Munsey v. Testworth Labs., Inc.*, 227 F.2d 902, 903 (6th Cir. 1955); *see FDIC v. Yancey Camp Dev.*, 889 F.2d 647, 648 (5th Cir.1989) (a state court judgment in a case properly removed to federal court can be vacated under Fed. R.Civ.P. 60(b)). Had the United States moved within ten days of the entry of judgment, relief would have been available under Fed.R.Civ.P. 59(e). The motion, however, was not filed until March 15, 2000, approximately thirty days after the entry of judgment. Therefore, relief would be available only under Fed.R.Civ.P. 60(b). *See Yancey Camp Dev.*, 889 F.2d at 648.

A party may seek relief from a judgment under Rule 60(b) pursuant to one of the six clauses set forth in the rule. The rule provides authority to grant relief from a judgment on one of the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).

Defendant's brief relies principally upon Rule 60(b)(4), arguing that the judgment entered by the circuit court against Haines and Vervisch was void. The United States relies for this proposition upon the interaction of the Federal Tort Claims Act and the doctrine of sovereign immunity. Defendant correctly points out that, once a proper certification has been filed, the United States is substituted as the only party defendant by operation of 28 U.S.C. § 2679(b)(1). The defendant goes on to argue that the United States is immune from suit in the state courts and that, in any event, a federal court action is the exclusive remedy under the statute. Although defendant's premises are correct, its conclusion is doubtful. At the time of the entry of judgment by the state circuit court, three individuals, and not the United States, were the only defendants. The certification of the United States Attorney was not filed until April 21, 2000, one week after the entry of judgment. To sustain the government's contention, the court would be required to give some sort of retroactive effect to the certification. It is not likely that the Sixth Circuit or the Supreme Court would find that the state-court judgment, entered against two individuals, was void *ab initio* because the defendant was really the United States of America all along.

■■ It is not necessary, however, for this court to reach defendant's novel argument under Rule 60(b)(4). The federal courts have applied Rule 60(b)(1) liberally to set aside default judgments, where the defendant moves for relief promptly, showing that the default was not willful, that defendant has a meritorious defense, and

that the opposing party will not be prejudiced. *See American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.,* 92 F.3d 57, 59 (2d Cir.1996); 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil § 2852 at 231–32 (1995). The granting of relief under Rule 60(b)(1) is within the district court's discretion. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.,* 188 F.3d 678, 683 (6th Cir.1999); *Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993).

In the present case, the United States has met the requirements for setting aside the default judgment under Rule 60(b)(1). First, the United States acted promptly, filing its motion to vacate the judgment only thirty days after its entry. Second, it does not appear that the state-court default was willful. Plaintiff has failed to establish in this court, by filing a proof of service or otherwise, the date upon which Haines and Vervisch were served by registered mail. State law grants a defendant served by mail 28 days to respond to the complaint. Mich. Ct. R. 2.108(A)(2). As the state-court complaint was filed on March 15, 2000, a Wednesday, it could not possibly have been received by the individual defendants earlier than March 16, the next day. The 28–day period for response therefore expired, at the absolute earliest, on Wednesday, April 12. Plaintiff procured his default judgment two days later, on April 14. The United States Attorney removed this action one week later, on April 21. It would be unusual for this court to uphold a default judgment against any party, represented or *pro se,* for a ten-day delay in responding to a complaint. Some delay in response is understandable in a situation like the present one, in which federal employees are sued in state court and must turn to government attorneys to present their defense. For this reason, federal law now provides for a 60–day response period for officers or employees of the United States. *See* Fed. R. Civ. P. 12(a)(3). The present record will not sustain a finding that Vervisch and Haines, or the government attorneys representing them, acted willfully in allowing the default to be entered in the state courts.

Second, the United States as sole defendant has a meritorious defense to this action. This defense is discussed in section II below in connection with my recommendation that the action be dismissed.

Third, plaintiff can show no prejudice arising from the very short delay in responding to his complaint. Plaintiff's only reaction to the motion is to feign confusion concerning the very existence of the present action. As was amply explained in the government's moving papers, the United States may remove an action from state court at any time before trial in circumstances such as those presented here. 28 U.S.C. § 2679(d)(2). After a proper notice of removal has been filed and served, removal is automatically effected and "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Therefore, the former state-court action is now properly in this court, and plaintiff has not established any prejudice resulting from the minimal delay inevitably attending removal and response in the federal court.

For the foregoing reasons, I recommend that the motion of the United States to set aside the default judgment be granted.

## II. Motion to Dismiss

The United States has moved to dismiss this action. As noted above, the complaint sets forth a tort claim under state law, alleging that employees of the Internal Revenue Service defamed plaintiff by saying that he committed one or more federal crimes. The Federal Tort Claims Act shields federal employees from liability for

such common-law torts committed within the scope of their employment. Under the Act, the United States is substituted for the employee as a defendant in any common-law tort action, as long as the employee was acting within the scope of employment. 28 U.S.C. § 2679(d)(1). After a proper certification, the action against the United States provides plaintiff with his exclusive remedy, and any other civil action arising out of related to the same subject matter against the employee is precluded. 28 U.S.C. § 2679(b)(1).

■ Judged as a claim under the Federal Tort Claims Act, plaintiff's cause of action suffers from two fatal defects. First, plaintiff has not alleged that he filed an administrative claim, which is a prerequisite to suit under the FTCA. 28 U.S.C. § 2675. Failure to allege exhaustion of administrative remedies provides a jurisdictional bar to claims under the FTCA. *See Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir.1997).

Alternatively, plaintiff's defamation claim is excluded from recovery by the FTCA itself. 28 U.S.C. § 2680(h). In *United States v. Smith*, 499 U.S. 160, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991), the United States Supreme Court held that neither the employee nor the United States may be sued on such excepted claims. Any harm suffered by an aggrieved plaintiff arising from an excepted claim is simply not compensable. Following *Smith*, the federal courts of appeals, including the Sixth Circuit, have held that the FTCA immunizes federal employees from liability for allegedly slanderous conduct committed within the scope of their employment, even when the exception to the FTCA precludes suit against the United States for such claims. *See Henson v. NASA*, 14 F.3d 1143, 1147–48 (6th Cir. 1994); *accord Simpkins v. District of Columbia Government*, 108 F.3d 366, 371–72 (D.C.Cir.1997).

Plaintiff's defamation claim against the government employee defendants is barred by the exclusive remedy provision of the FTCA, and the assertion of such a claim against the only possible defendant, the United States of America, is precluded by the exemption provision of 28 U.S.C. § 2680(h). Plaintiff's complaint therefore fails to state a claim upon which relief can be granted against any party. I recommend that the motion of the United States to dismiss the complaint be granted.

### *Recommended Disposition*

I recommend that the motion of the United States to set aside the default judgment entered in the state circuit court be granted. I further recommend that this action be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

### *NOTICE TO PARTIES*

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by WD MICH LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322–23 (6th Cir.1997); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

### ORDER SETTING ASIDE DEFAULT JUDGMENT AND DISMISSING COMPLAINT

In accordance with the Court's memorandum opinion of even date,

**IT IS HEREBY ORDERED** that the United States' motion to set aside the default judgment is **GRANTED**; and

**IT IS FURTHER ORDERED** that the United States' motion to dismiss the complaint is **GRANTED**; and

**IT IS FURTHER ORDERED** that the complaint of plaintiff Gregory Zolman is **DISMISSED** in its entirety for failure to state a claim upon which relief can be granted.