Aram K. BERBERIAN,
Plaintiff-Appellant,

v.

M. Frank GIBNEY,
Defendant-Appellee.

No. 74–1390.

United States Court of Appeals,
First Circuit.

Submitted March 6, 1975.

Decided May 7, 1975.

Aram K. Berberian, Cranston, R. I., pro se on brief.

Scott P. Crampton, Asst. Atty. Gen., Washington, D. C., Lincoln C. Almond, U. S. Atty., Everett C. Sammartino, Asst. U. S. Atty., Providence, R. I., Gilbert E. Andrews, Jonathan S. Cohen, and Robert T. Duffy, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief for defendant-appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

Appellant filed a 1972 tax return showing a balance due of more than $2,000, but failed to pay. Appellee, an officer of the Internal Revenue Service, in December, 1973, levied upon real property in which appellant claimed an interest of over $20,000. Several months later appellee levied upon a sloop belonging to appellant, incurring costs for insurance and advertising. Appellant redeemed his sloop prior to sale, paying a sum which included the costs of insurance and advertising. On June 12, 1974, appellant filed a complaint in state court seeking damages from appellee for "malicious use of process", claiming that the levy upon his sloop was excessive and unreasonable. The complaint was served upon appellee June 18, 1974.

What happened from this point on raises the problem before us, concerning the interplay of state and federal jurisdiction when removal proceedings are not perfected with dispatch. In this

case, on July 3, about two weeks after service in state court, the government defendant (appellee here) filed a petition for removal in the federal district court. But there was no immediate filing of a copy in state court and, indeed, no other notice of this action. Although the statute, see infra, requires prompt filing in the state court and notice to the adverse party, appellee apparently felt that he should await some action by the district court. Five days after removal, on July 8, appellant moved for a default judgment and, a day later, received a judgment awarding him damages of $180.84. It was only on July 11, three days after the default judgment, when the district court entered an order for removal, that notice was mailed to appellant, a copy of the order being filed in the state court a day later. Upon motion the district court subsequently entered orders treating the default judgment previously entered by the state court as void and dismissing appellant's complaint. Appellant contends the default was valid, and that, in any case, the dismissal was error.

■ The chronology of the procedural events which punctuated the brief span of this law suit's existence before its dismissal by the district court presents us with a prickly little technical problem. 28 U.S.C. § 1446 provides for removal by a defendant of an appropriate action from state to federal court. To accomplish removal the defendant must, within 30 days after he has been served, file a petition for removal in the federal district court and "[p]romptly after the filing of such petition . . ." must give notice to adverse parties, and file a copy of the petition with the state court "which shall effect the removal and State court shall proceed no further . . . ." 28 U.S.C. § 1446(e). It is clear that once a removal petition has been filed and proper notice given ad-

verse parties and the state court, the district court has exclusive jurisdiction over the case. Georgia v. Rachel, 384 U.S. 780, 797 n. 27, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). But what of the lapse between the filing of the petition in federal court and its filing in state court and notice to the opposing party? The default against appellee in this case was entered by the state court six days after the removal petition was filed in the district court, and three days before the petition was filed with the state court.

■■ It may be argued that since the burden of the requirement in § 1446(e) that, "promptly after" filing, notice be given to adverse parties and to the state court falls upon the party seeking removal, the risks attendant upon tardy compliance, including intervening action defeating federal jurisdiction, should fall upon him as well. See, e. g., Cavanaugh v. Atchison, T. & S. F. Ry. Co., 103 F.Supp. 855 (W.D.Mo.1952); 1A J. Moore, Federal Practice ¶ 0.168[3.–8], at 509–10 (hereinafter 1A Moore). But, in all those jurisdictions requiring a defendant to answer a complaint in less than 30 days, such an interpretation would eviscerate the language of § 1446(b), permitting a defendant 30 days to remove. Moreover, it would emphasize technical compliance with the terms of the statute to the detriment of its central purpose.[1] The function of the removal statutes, 28 U.S.C. §§ 1441–1450, is to provide a simple means, uniformly applied irrespective of state rules, for defendants entitled to do so to remove actions from state to federal court. Grubbs v. General Electric Credit Corp., 405 U.S. 699, 705, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972). Thus we are inclined to agree with Professor Moore, that the jurisdiction of the federal court attaches as soon as the petition for removal is filed with it, and that both state and federal courts have juris-

---

1. Here, to avoid the entry of a default, the appellee would have been forced to answer the complaint in state court within 20 days, or complete the process of removal within that time. Yet not only has Congress seen fit to grant 30 days for removal, but F.R.Civ.P. 12(a) permits the government 60 days in which to answer a complaint. See 1A Moore ¶ 168[3.–8] at 50, nn. 19–21, for examples of the practical effects upon litigants other than the government.

diction until the process of removal is completed. 1A Moore ¶ 0.168[3.–8], at 509–11.

The district court in dismissing appellant's complaint ruled the default entered by the state court "a nullity" because it was entered after the filing of appellee's petition for removal. That ruling is inconsistent with our conclusion that the state court retained jurisdiction of the case until a copy of the removal petition was filed with it. In our view the default was effective, but did not defeat the jurisdiction of the federal court which had already attached. The effect of the default was the same as if it had been entered by the district court upon failure of appellee to answer a complaint originally filed there. Butner v. Neustadter, 324 F.2d 783, 785 (9th Cir. 1963); Munsey v. Testworth Laboratories, Inc., 227 F.2d 902, 903 (6th Cir. 1955).[2]

Federal Rule of Civil Procedure 55(e) states that no " . . . default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." Since the default against appellee was entered by the clerk of the state court without any consideration whatever of its merit, on the basis of a complaint which failed to state a claim on which relief could be granted, see discussion infra, Rule 55(e) required the default to be vacated, and the district court was correct in proceeding to con-

sider appellee's motion to dismiss on the merits.[3]

The district court concluded that appellee as a government officer acting within the scope of discretion conferred on him by law was immune from suit. Appellant contends that official immunity does not extend to low ranking officers. But the immunity afforded a particular official is contingent not upon his rank, but upon the relationship between his actions and the discretion reposed in him by law. Barr v. Matteo, 360 U.S. 564, 571–73, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Doe v. McMillan, 412 U.S. 306, 319–20, 93 S.Ct. 2018, 36 L.Ed.2d 912 (1973).

Here, appellee acted pursuant to 26 U.S.C. § 6331(a) which states that upon the refusal of a person to pay a tax for which he is liable

"within ten days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property . . . belonging to such person . . . ."[4]

Appellee's actions fell squarely within the ambit of his discretion under § 6331(a). Bershad v. Wood, 290 F.2d 714, 716–18 (9th Cir. 1961); David v. Cohen, 132 U.S.App.D.C. 333, 407 F.2d 1268, 1271–72 (1969); Sowders v. Damron, 457 F.2d 1182, 1184–85 (10th Cir. 1972). Thus, appellant's complaint founders on the bar of appellee's official immunity.

Affirmed. No costs.

2. Both *Munsey* and *Butner* deal with cases in which a default had been entered by the state court *prior* to the filing of a removal petition in federal court. They held that the entry of the default did not defeat removal jurisdiction, and that upon removal the federal court could vacate the default upon a showing by the removing party adequate to warrant such action had the default been entered by the federal court. We need not go so far in the instant case.

3. We find no merit in appellant's claim that the motion to vacate the default judgment should have been denied for lack of specificity. It was filed in written form only after a long

colloquy among the court, appellant and appellee as to whether appellee's verbal motion was sufficient. The grounds for that motion were discussed during the colloquy, and the written motion was supported by a memorandum of law.

4. Certain property is exempted from levy under § 6331(a), but no claim of exemption is here raised.

26 C.F.R. § 301.6341–1, promulgated under 26 U.S.C. § 6341, explicitly describes expenditures permissible in a levy and sale under § 6331(a).