**Santiago D. MEDRANO,**
**Plaintiff-Appellant,**

v.

**STATE OF TEXAS, Defendant-Appellee.**

No. 78–1134
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 21, 1978.

Santiago D. Medrano, pro se.

Michael R. Gibson, El Paso, Tex., for plaintiff-appellant.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, Tex., for defendant-appellee.

Before THORNBERRY, GEE and FAY, Circuit Judges.

PER CURIAM:

Santiago D. Medrano was arrested in Texas on April 2, 1977. He was indicted shortly thereafter under a Texas theft statute. On September 9, he filed a petition for removal in district court under 28 U.S.C. § 1443(1), alleging a violation of his right to a speedy trial. Although Medrano told his court-appointed attorney that he had filed the petition in district court, a copy was never filed in state court as required by 28 U.S.C. § 1446(e). On September 21–23, Medrano was tried and convicted of the theft charge. The state judge had neither constructive nor actual notice that a petition for removal had been filed.

On September 26, the federal district court issued an order to show cause why the case should not proceed in federal court. The state was ordered to take no further action until a determination of the merits of the petition could be made. The state immediately stopped all proceedings.

On October 7, appellant filed an application for writ of habeas corpus under 28 U.S.C. § 1446(f). An evidentiary hearing was held on October 28. The petition for removal and the application for writ of habeas corpus were held to be without merit and the case was remanded to state court for sentencing and further proceedings. Since there was no notice to the state court, the trial was held not to be void. We affirm.

■ The court correctly held that the petition for removal was without merit because it was not brought on proper grounds.

28 U.S.C. § 1443 relief is available only for deprivation of a right guaranteed under federal law providing for specific civil rights stated in terms of racial equality. Further, a litigant must show that he has been "denied or that he cannot enforce" the specific right in state court. *Johnson v. Mississippi*, 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975). The right to a speedy trial obviously does not meet this two-pronged test.

■ Petitioner argues that his trial was void, and therefore the remand should be for a new trial. Regardless of the merits of the petition, 28 U.S.C. § 1446(e) clearly requires that the state stop all proceedings, once notice is given, until a determination on the merits of the petition for removal is made in federal court. See *Adair Pipeline Co. Inc. v. Pipeliners Local Union No. 798*, 203 F.Supp. 434 (S.D.Tex.1962) aff'd, 5 Cir. 1963, 325 F.2d 206. Although this issue has not arisen in this Circuit in a criminal case, even constructive notice under 28 U.S.C. § 1446(e) would have been sufficient to deprive the state court of jurisdiction, thus making any further proceedings void. See *U. S. ex rel. Echevarria v. Silberglitt*, 2nd Cir. 1971, 441 F.2d 225; *Adair Pipeline Co. Inc.*, supra. In this case, however, there was no notice to the state court judge until the state received the order to show cause. Therefore, until that time, the state court retained jurisdiction and appellant's trial was not void.

AFFIRMED.