**Luella MURRAY, Individually and as Surviving Spouse of James William Murray, and on Behalf of the Estate of James William Murray, Deceased, Plaintiffs-Appellants,**

v.

**FORD MOTOR COMPANY, Defendant-Appellee.**

No. 85–2048

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 9, 1985.

James B. Ragan, Russell H. McMains, Corpus Christi, Tex., for plaintiffs-appellants.

M.W. Meredith, Jr., Corpus Christi, Tex., for defendant-appellee.

Before CLARK, Chief Judge, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

This case involves the issue of whether the district court properly set aside a default judgment under Fed.R.Civ.P. Rule 60(b)(6) when both parties had operated under the mistaken assumption for over a year that the default judgment had been set aside by a state court order. The contention of the appellant is that the judgment under the circumstances could be set aside only under Rule 60(b)(1) which carries a one year period of limitations.

A secondary question is whether the state court order purporting to set aside the default judgment in state court occurred before or after removal was effected to the federal court. The district court held that the state default judgment had not been set aside because the order doing so had taken place after removal, and the district court set aside the default judgment under Rule 60(b)(6). We affirm.

## I.

Luella Murray brought this product liability action in the Texas district court against the Ford Motor Company for her personal injuries and the wrongful death and the pain and suffering of her deceased husband.

Appearance date for appellee Ford Motor Company was set for Tuesday, October 12, 1982 (Monday, October 11, having been a legal holiday). On Friday, October 8, 1982, the Ford Motor Company filed a petition for removal and bond in federal court and the same day sent notice of removal by certified mail to appellant's attorney and to the state district court.

Shortly after court convened at 10:00 a.m. on October 12, 1982, prior to either the court or the appellant's attorney receiving the notice of removal, appellant's attorney appeared at the state district court and took a default judgment against defendant in the amount of $1,500,000. When appellant's attorney returned to his office he

found the notice of removal and immediately advised counsel for appellee of the default judgment. That same afternoon attorney for appellee filed its motion in state court to set aside the default judgment and also requested the county clerk's office to intercept the notice of removal and hold it unfiled.

On October 14, 1982, the state court convened for the purpose of hearing the appellee's motion to set aside the default judgment. At this hearing the petition for removal, bond, cover letter stamped "received" by the United States District Clerk, and notice of removal were all submitted to the court and offered and admitted into evidence. The state court judge granted appellee's motion to set aside the default judgment.

After that time the parties moved ahead on discovery and preparation for trial in United States District Court. Fourteen months after the state court order purporting to set aside the default judgment, appellant moved to declare the state court judgment final.

## II.

■ The parties do not dispute that the default judgment when entered was within the jurisdiction of the state court. The issue between the parties is whether removal had taken place before the district court entered the order purporting to set aside the default judgment. On this issue, the United States District Court held for appellant. The court found that removal had taken place before the order setting aside the default judgment in state court had been made.

In *Medrano v. Texas*, 580 F.2d 803, 804 (5th Cir.1978), we held that the state court continues to have jurisdiction until it has been given actual or constructive notice of removal. *See also* 14A Wright, Miller, Cooper, FEDERAL JURISDICTION AND PROCEDURE § 3737, p. 551. There was no such actual or constructive notice at the time the default judgment was entered, because neither the court nor appellant's attorney knew of the removal petition.

The district court properly found, however, that removal had been perfected before the state district court entered the order purporting to set aside the default judgment. This conclusion is clearly supported by the record because all of the file concerning removal was introduced in evidence at the hearing which culminated in the district court's order. Thus, at the time the order was issued, the court actually had notice because it had received as part of the record the removal petition. Opposing counsel obviously had knowledge of it as well. The conclusion of the United States District Court, therefore, was correct. The default judgment was in effect and continued in effect when the case was removed to the federal court. *Butner v. Neustadter*, 324 F.2d 783, 786 (9th Cir.1963). The state court had no power to set it aside since removal had already taken place.

## III.

This conclusion leads to the major issue in the case. Appellant claims that the United States District Court is not authorized under Fed.R.Civ.P. 60(b) to set aside the default judgment fourteen months after it was entered in state court. The argument is that appellee's motion to set aside the final judgment actually had to have been based upon "mistake, inadvertence, surprise, or excusable neglect", the grounds stated under Rule 60(b)(1). But, it is argued, Rule 60(b)(1) carries a one year period of limitations. Any motions asking to set aside a final judgment based upon those grounds must be brought within one year of the entry of the judgment.

The district court granted the motion to set aside the final judgment under Rule 60(b)(6) which authorizes the district court in its discretion to set aside such a judgment for "any other reason justifying relief from the operation of the judgment." 60(b)(6) does not contain the one year limitations period.

■ Appellant is correct in asserting that Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive and the reasons justifying relief under 60(b)(1) cannot be the basis for relief under 60(b)(6). *See Transit Casualty Co. v. Security Trust Co.*, 441 F.2d

788, 791 (5th Cir.1971), 7 Moore's FEDERAL PRACTICE ¶ 60.27[1]. The district court moved beyond this dilemma by finding that the motion to set aside the state default judgment involved more than the Rule 60(b)(1) grounds of "mistake, inadvertence, surprise, or excusable neglect." The court relied upon the fact that (a) both parties and the court participated for over a year in discovery as if there had been no final judgment in state court, (b) the parties were both under the impression that the cause was alive, and (c) that, at least in accordance with Texas law, the state court judge had set aside the default.

It certainly is reasonable to urge that this case does present something more than the usual simple mistake, inadvertence, surprise, or excusable neglect. All parties in the court had acted for over a year as if the default judgment in state court had been set aside. The contrary argument of appellant if projected to its logical conclusion would require that even if the case had gone fully to trial and had reached a verdict, appellant could have come in and set aside the entire proceeding on the ground that the one year period applicable to Rule 60(b)(1) had expired.

It is not necessary to rely upon Rule 60(b)(6), however, to resolve this case. 60(b)(1) is properly applicable on the merits to the decision to set aside the default judgment. Further, there has been no expiration of the time limitation. Appellant overlooks the well established principle that "when a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court." *Savell v. Southern Ry.*, 93 F.2d 377, 379 (5th Cir.1937). When the case was removed to federal court, the default judgment stood as if it had been issued in the federal court. So also did the pleadings. It is not necessary to replead a case once it has been removed to federal court. The pleadings as already filed stand as if they had been filed in federal court.

The key point in this case, then, is the fact that the state court still had jurisdiction, because removal had not been completed, on October 12, 1982. On that day the court entered the default judgment, and on the same day appellee immediately filed a motion to set aside the default judgment. That motion was timely. It became part of the state court record just as pleadings do so it also fits into the category of "everything done in the state court [is as if it] had in fact been done in the federal court." It was not necessary to replead or make the motion again, and because the state court was deprived of jurisdiction by removal before it ruled on the motion, the motion was still in effect when the case was moved to federal court.

The end result is that the motion, which obviously can and should be treated as a Rule 60(b)(1) motion for federal court purposes, was still pending when appellant moved to establish the default judgment as a bar to the continuation of the suit in federal court. The district court's setting aside the default judgment on the basis of appellee's renewed motion under 60(b) was timely because the original motion was within the one year requirement.

■■■ Federal rulings under 60(b) are within the discretion of the district court. The court found that 60(b)(6) was applicable and applied its discretionary power under that part of the rule. This court is not restricted to the reason given by the district court in such circumstance if the judgment of the district court is correct. *Howard v. Gonzales*, 658 F.2d 352, 358 (5th Cir.1981); *Church of Scientology of California v. Cazares*, 638 F.2d 1272, 1282 (5th Cir.1981). This default judgment under these facts properly could and should be set aside under Rule 60(b)(1). True, it is difficult to find a "mistake" or "surprise". All that happened was that the default judgment was taken while the removal motion had been filed in the federal court but notification had not yet reached the state court. Perhaps it could be argued that there was "neglect" on the part of appellee in not showing up in court at 10:00 a.m. on Tuesday, October 12, to make sure that the notice concerning removal had been received by the court, but if this was neglect it certainly was "excusable neglect".

Probably the most apt description of the event that occurred when this default judg-

ment was entered is "inadvertence". No one was really at fault. There is an hiatus in the removal process which is troublesome. *See* 1A Moore's FEDERAL PRACTICE ¶ .168[3.8–3]. Removal is not discretionary. Thus when the removal papers are filed in the federal court it is certain that removal will take place. A later remand does not alter the fact that removal took place. 28 U.S.C. § 1446(e). Yet, state court actions are sometimes taken before notification is received, as in this case. It is difficult to attribute fault to anyone under these circumstances. The appellee was acting reasonably in the process of removal. The appellant, not having been notified of removal, was acting with some justification in seeking the default judgment. The state court, not having been notified, was acting with justification in granting the default judgment. Under these circumstances the default judgment can properly be set aside as "inadvertent"—as an oversight or unintentional.

The decision setting aside the default judgment earlier obtained in state court under Rule 60(b) should be affirmed as within the discretion of the United States District Court.

AFFIRMED.