929 F.2d 703
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Allen R. McCULLEY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 89-3338.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 26, 1991.
Decided April 3, 1991.
Rehearing and Rehearing En Banc Denied Aug. 2, 1991.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, Eastern Division, Nos. 88 C 646, 88 C 647 and 89 C 725, Thomas J. Curran, Judge.
 E.D.Wis.
 AFFIRMED.
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Pro se plaintiff Allen McCulley brought suit against three officials of the Veterans Administration (VA) for defamation of character. The district court granted summary judgment in favor of the government. We affirm.
 
 
 2
 In April 1974, McCulley, an army veteran, was examined by Dr. Axel Transgrud in connection with McCulley's application for increased service-connected disability benefits. In a report, Dr. Transgrud stated that McCulley "obtain[s] health care services from private physicians for the manipulative purpose of submitting medical reports ... for support of his claim for increased medical benefits." In three separate suits filed in Wisconsin state court, McCulley claimed that this statement influenced examining physicians in all of his later attempts to receive increased benefits. He sued Thomas Turnage, the Administrator of Veterans Affairs who administered the VA Department of Medicine and Surgery, Dr. Russell Struble, the Director of the Zablocki VA Medical Center in Milwaukee, and Dr. Jack McReynolds, a Denver, Colorado VA Regional Office Director. The government removed each of these actions from state court, and in federal court McCulley filed motions for default judgment. The district court denied the motions as frivolous, consolidated the cases and substituted the United States as the defendant. The court then granted summary judgment to the government.
 
 
 3
 McCulley does not challenge the decision granting summary judgment to the government. Instead he claims that removal was improper and that the district court erred in denying his motions for default judgment. We look initially to the propriety of the removal order.
 
 
 4
 The law on removal relating to veterans' suits for malpractice and negligence provides for removal in two of the three cases originally filed in state court. When the Attorney General certifies that a state court defendant was acting within the scope of employment on behalf of the government, the action "shall be removed ... at any time before trial ... to the district court of the United States of the district and division embracing the place wherein it is pending." 38 U.S.C. Sec. 4116(c). The action is then deemed a tort action brought against the United States. Id. After McCulley filed the state court complaints and well before trial, the U.S. Attorney certified under section 4116(c) that Turnage and Struble were acting within the scope of their employment as employees of the VA's Department of Medicine and Surgery. Removal of these two cases under section 4116(c) was proper.
 
 
 5
 McReynolds was not an employee of the VA's Department of Medicine and Surgery, making section 4116(c) inapplicable to him. Instead section 2679(d)(2), a general removal provision, applies for actions against government employees and works in the same way as section 4116(c). Section 2679(d)(2) went into effect on November 18, 1988, after McCulley filed his state court action against McReynolds. However, this section applies to proceedings pending on the date of enactment. Section 8 of Pub.L. 100-694, 102 Stat. 4564 (1988) (enabling legislation addressing the effective date of the 1988 amendment to section 2679). Again the U.S. Attorney certified that McReynolds was acting within the scope of his employment, so that removal of his case was also proper.
 
 
 6
 Regarding the denial of McCulley's motions for default judgment, the district court found that the government was not in default in federal court because after removal McCulley had been ordered to file an amended complaint and the government had been given an extension of time to answer. Also, the district court recognized that all of these cases, once they were removed, were against the United States. Section 2679(d)(1); section 4116(c). Rule 55(e) of the Federal Rules of Civil Procedure provides, "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to a court."
 
 
 7
 McCulley seems to be confused about the effect of the defendants' failure to respond to his state court summones within twenty days after being served with his complaints. He suggests that all three cases were in default in state court prior to removal because of this failure to timely respond. In fact, the circuit court had not entered a default judgment against any of the defendants at the time of removal, though the case against McReynolds was heading in that direction. Even if the state court had entered default judgment, Rule 55(e) would require that the federal court vacate the state court order because it would not have been a consideration on the merits. Berberian v. Gibney, 514 F.2d 790, 793 (1st Cir.1975). Because McCulley had failed to establish a claim or right to relief, under Rule 55(e) he was not eligible to move for default judgment against the government.
 
 
 8
 The decision of the district court granting summary judgment in favor of the government is
 
 
 9
 AFFIRMED.