**JOSEPH N. MAIN P.C.,** Mark Stokes, P.C., and Kenneth W. Bain d/b/a Bain & Associates, Individually, and on behalf of all others similarly situated, Plaintiffs,

v.

**ELECTRONIC DATA SYSTEMS CORP.** and Elkins Interactive Training Network, Defendants.

**Civil Action No. 3:95–CV–1993–X.**

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 12, 1996.

Keith Jensen, Fort Worth, TX, for plaintiffs.

Eric W. Buether, Dallas, TX, for defendants.

## MEMORANDUM OPINION AND ORDER

KENDALL, District Judge.

Now before the Court is the Plaintiff's Brief in Support of the Fact that the Motion for Class Certification, which was filed 56 Days after the First Complaint in this Case, was not filed in Contravention of Local Rule 10.2(b), or in the Alternative, Motion and Brief in Support of Leave of Court to Allow February 6, 1996, Filing of Same. After consideration of the Alternative Motion and the applicable law, the Court is of the opinion that the motion should be, and is hereby, **DENIED.** The Court also determines that the Motion for Class Certification was untimely under Local Rule 10.2(b). Accordingly, the Motion for Class Certification filed on February 6, 1996, is hereby **DENIED as untimely** and the class allegations shall be stricken from the Plaintiffs' Original Class Action Petition and the Amended Complaint.

### Factual Background

Initially, plaintiffs filed this action in the 193rd Judicial District of Dallas County, Texas on August 7, 1995. Plaintiffs' original state court petition was captioned "Plaintiffs' Original Class Action Petition" and styled *G. Daniel Bobst, Joseph N. Main, P.C., Mark Stokes, P.C., and Kenneth W. Bain d/b/a Bain & Associates, Individually and on behalf of all others similarly situated v. Elkins Institute, Inc. and Electronic Data Systems Corporation.* Plaintiffs' Original Class Action Petition claims that the defendants vio-

lated 47 U.S.C. § 227, commonly known as the "Telephone Consumer Protection Act," ("TCPA"). Ostensibly, TCPA's purpose is to protect the individual telephone consumer by discouraging and preventing those annoying telephone calls which come in the middle of dinner, prerecorded sales pitches which fill an entire answering machine tape, and unsolicited faxes which waste time, paper and ink. The relevant portion of the TCPA for our purposes, states as follows:

(b) Restrictions on the use of automated telephone equipment

(1) Prohibitions

It shall be unlawful for any person within the United States—

(C) to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine;

47 U.S.C. § 227(b)(1)(C). A violation of 47 U.S.C. § 227(b)(1)(C) can result in an injunction against the offending telemarketer and recovery of $500 in statutory damages by the offended consumer, or actual damages. 47 U.S.C. § 227(c)(5)(A)–(C). A knowing or willful violation of 47 U.S.C. § 227 may result in triple statutory or actual damages. Essentially, the bill was written to address "junk telephone calls," the 1990s technological cousin of junk mail. However, in a classic case of the best laid plans going awry, enterprising attorneys have gleaned, from the seemingly harmless packaging of consumer protection, a potent class-action weapon.

For instance, eight other class action suits which are substantially similar to this action were filed by counsel for the plaintiffs in August and September of 1995. (Declaration of Eric W. Buether at 2). Of those eight actions, three have been nonsuited, one was dismissed in federal court after removal, another settled after removal and three remain pending in state court. In a review of the court records, the Court did not find that a timely motion for class certification was filed in any of the federal actions. As of March 15, 1996, no motion for class certification had been filed in any of the pending state actions. (Declaration of Eric W. Buether at 3).

In the Original Class Action Petition, plaintiffs alleged that they were bring[ing] th[e] action individually and on behalf of all other plaintiffs similarly situated who have received, who are now receiving, or who are about to receive unsolicited fax advertisements in the United States who are located in metropolitan areas with populations above 150,000 on or after December 20, 1992 through the date of judgment. (Pl.Orig. Class Action Pet. at 4). The Class Action Petition also alleged that the class could exceed 50,000 in number. Plaintiffs' claims on behalf of the class exceed $25,000,000 in statutory damages, an amount which may be subject to trebling. The plaintiffs also requested injunctive relief.

Defendants removed the matter to this Court on September 6, 1995, based upon federal question jurisdiction. The parties filed a Joint Report Outlining Discovery Plan on October 4, 1995 and on December 4, 1995 filed a Joint Status Report to assist the Court in scheduling the case. Initially, the Court referred discovery motions to Magistrate Judge Jeff Kaplan as each new motion was filed. Finally, in the face of continued discovery disputes between the parties, the Court referred all present and future discovery-related matters to Judge Kaplan on March 6, 1996. At a discovery hearing, Judge Kaplan raised the issue of the timeliness of Plaintiffs' Motion for Class Certification. After determining that briefing was required regarding whether the motion was filed in accordance with Local Rule 10.2(b), Judge Kaplan ordered that the parties file briefs with this Court on the matter on or before March 15, 1996. Judge Kaplan also stayed any further discovery until resolution of the matter concerning the motion for class certification.

## Discussion

■ Class action suits are controlled generally by the Federal Rules of Civil Procedure and more specifically by FED.R.CIV.P. 23–23.2. Under Rule 23(c)(1), the Court must make a class determination "[a]s soon as practicable after the commencement of an action brought as a class action." The Northern District of Texas has, in an attempt to comply with the strictures of FED.R.CIV.P.

23, adopted Local Rule 10.2(b) which states, in pertinent part:

> Within 90 days of the filing of a complaint alleging a class action, the attorney for the plaintiff *shall* move for certification.

Local Rule 10.2(b) (emphasis added). Local Rule 10.2(b) and FED.R.CIV.P. 23(c)(1) share a similar purpose. That purpose is to give a clear definition to the parameters of the putative class, to outline the claims involved in the class action and to apprise the defendants of their potential liability as soon as practicable.

█ Plaintiffs' counsel argues that the time limits of Local Rule 10.2(b) should only have begun to run after Plaintiffs' First Amended Complaint was filed on December 13, 1995. In support of this contention, counsel offers no case on point nor does he direct the Court to a procedural rule which would require the Court to apply counsel's approach. Instead, counsel states:

> The undersigned has always read Local Rule 10.2(b) to mean exactly what it says "[w]ithin 90 days of the filing of a complaint alleging a class action" a motion for class certification shall be filed. The undersigned has never interpreted this rule to mean something that it does not state; namely that a state court petition is transformed into a "complaint" upon or after removal.

(Pl.Br. at 6 n. 2). For obvious reasons which will be discussed later in this opinion, plaintiffs' interpretation is an incorrect one.

Defendants, in their brief, assert that the timeliness of Plaintiffs' Motion for Class Certification should be calculated from the filing date of the state court action. The state court action was filed on August 7, 1995. Calculating the timeliness of the motion using this filing date results in a due date of November 6, 1995. If the Court were to adopt the defendants' argument, state court plaintiffs who sought to maintain class actions would be required to anticipate removal and to begin calculating deadlines under rules which do not apply to state actions. The Court has no power to compel adherence

to the Local Rules of the Northern District of Texas until a party has appeared before it. Under this approach, if a group of plaintiffs were to file a class action suit against one in-state defendant and one foreign defendant and 94 days later the in-state defendant was dismissed, the remaining defendant could timely remove within 30 days and upon filing the notice of removal move to strike all class allegations because the motion for class certification was now untimely under Local Rule 10.2(b). The fundamental unfairness of defendants' approach is clear. Accordingly, the Court declines to force state plaintiffs to anticipate removal and to apply the Federal Rules of Civil Procedure and the Local Rules of this Court prior to removal.

█ Instead, the Court will calculate the deadline for filing a timely motion for class certification under Local Rule 10.2(b) from the date of removal, September 6, 1995. On September 6, 1995, when the defendants removed the state court action, the parties were for the first time subject to this Court's jurisdiction, procedures and local rules.[1] Federal Rule of Civil Procedure 81 clearly states that:

> These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. *Repleading is not necessary* unless the court so orders.

FED.R.CIV.P. 81(c) (emphasis added). It is well-established that, upon removal of an action, [t]he pleadings as already filed [in state court] stand as if they had been filed in federal court. *Murray v. Ford Motor Co.,* 770 F.2d 461, 464 (5th Cir.1985). *See also* HITTNER, SCHWARZER, TASHIMA & WAGSTAFFE, RUTTER GROUP PRAC.GUIDE: FED.CIV.PRO. BEFORE TRIAL—5th CIR.ED. § 2.1018 (The Rutter Group 1995) ("The federal court takes the action as it stood in the state court when removed."). Again, this maxim certainly does not mean that the Federal Rules of Civil Procedure or any Local Rules are to be applied retroactively.

---

1. The Court notes that if it were to follow the defendants' approach of applying the Federal Rules of Civil Procedure or the Local Rules prior to removal, the Court would have been forced to strike both defendants' answers as impermissible general denials and enter default judgments.

Plaintiffs' argument that Rule 10.2(b) should not be applied until a "true federal complaint" has been filed fails in the face of Federal Rule of Civil Procedure 81(c) and the applicable law. Applying plaintiffs' argument, if a class action plaintiff were to file in state court and the defendant removed, plaintiff, relying on Rule 81 and not repleading, could effectively delay filing the motion for class certification indefinitely simply by not amending the original state court petition. Plaintiffs' approach would vitiate Local Rule 10.2(b) and Federal Rule of Civil Procedure 23(c)(1). The Court will not allow that to occur. Consequently, the date of removal shall be the effective date for Local Rule .10.2(b) and therefore, the motion for class certification should have been filed on or before December 5, 1995. Plaintiffs' motion for class certification was not filed until February 6, 1996,—63 days late. Due to the untimely nature of the motion for class certification, the motion is **DENIED** and all class allegations shall be **STRICKEN** from the amended complaint and the original class petition.

Plaintiffs' argument that the delay in filing the motion for class certification was justifiable is also unavailing. If plaintiffs felt that more discovery was warranted or desirable before moving for class certification, plaintiffs' counsel had several avenues open to him. He could have filed a motion to extend the time for filing a motion for class certification. He could have filed the motion for class certification and asked the Court to delay ruling until more discovery was completed. However, plaintiffs' counsel pursued none of these options, instead he filed a motion for class certification which was 63 days late without leave of Court and in contravention of Local Rule 10.2(b).

**SO ORDERED.**