**Kevin DAVIS, et al, Plaintiffs,**

v.

**ESTATE OF Daniel HARRISON, et al, Defendants.**

**No. Civ.A. 2:02CV35PG.**

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

Aug. 9, 2002.

Leonard B. Melvin, Jr., Melvin & Melvin, Laurel, MS, Walter Stephen Cox, Charles M. Merkel, Merkel & Cocke, Clarksdale, MS, for plaintiffs.

Paul N. Davis, LeAnn W. Mercer, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for defendants.

### ORDER OF DISMISSAL

PICKERING, District Judge.

This cause this day comes before the Court on Motion of Plaintiffs to Dismiss Improperly Removed Action. The Court having reviewed the pleadings, briefs, and other documents filed in this cause, finds as follows:

*FACTS*

On January 22, 2002, the Plaintiffs filed their Complaint in the Circuit Court of Jones County, Mississippi. On February 15, 2002, the Defendants filed a Joint Notice of Removal to Federal Court. On February 19, 2002, before Defendants filed a notice of the removal with the Clerk of the Circuit Court of Jones County, Mississippi, Plaintiffs entered a Rule 41(a)(1) Voluntary Stipulation of Dismissal Without Prejudice. On February 22, 2002, the De-fendants filed notice of the removal with the office of the Clerk of the state court.

*QUESTION PRESENTED*

The question presented to this Court is whether the state court had jurisdiction to dismiss this action on February 19, four days after a joint notice of removal had been filed in this Court, but three days before notice of the removal was filed with the clerk of the state court.

*BURDEN OF PROOF FOR REMOVAL*

■ The removal statutes are to be strictly construed against removal. *Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir.1979). The Defendants, as the removing parties, bear the burden of establishing the Court's jurisdiction. *See Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995); *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993). Generally, where there are close questions whether to remand an action, the Court will resolve the issue in favor of remand. *OPNAD Fund, Inc. v. Watson,* 863 F.Supp. 328, 330 (S.D.Miss. 1994); citing *Laughlin v. Prudential Insurance Company,* 882 F.2d 187, 190 (5th Cir.1989).

*WHEN DOES JURISDICTION OF STATE COURT END AS TO CASE BEING REMOVED?*

This case was removed under 28 U.S.C. § 1446 which provides in relevant part:

(a) ... [D]efendants desiring to remove any civil action ... from a State court shall file in the district court ... a notice of removal ...

...

(d) Promptly after the filing of such notice of removal of the civil action the ... defendants ... *shall file a copy of the*

*notice with the clerk of such state court, which shall effect the removal* and the State court shall proceed no further. . . . (emphasis added).

■ This statute, which is the jurisdictional basis for Defendants' removal, requires three events: (1) filing a notice of removal in federal court, (2) giving prompt written notice to adverse parties, and (3) promptly filing a copy of the notice in state court. The statute provides that Defendants *"shall file"* a copy of the notice with the clerk of the state court. (emphasis added). This section further recites that it is the filing of this notice with the clerk that *"shall effect* the removal." (emphasis added) In other words, the plain language of this section provides, if the other two requirements have already been met, that removal is effected at the time the notice of removal is filed with the clerk, and not before. Once the state court clerk is notified of the removal, "the State court shall proceed no further." 28 U.S.C. § 1446(d). Conversely, under our system of federalism, and out of respect for comity, up until the clerk of the state court is notified of the removal, the state court is free to take any action in regard to a pending case that it might have otherwise taken, under its own precedents, rules and statutes, even though notice of removal of that particular case may have been filed in federal court.

Plaintiffs rely on *Jeffery v. Cross Country Bank,* 131 F.Supp.2d 1067, 1069 (E.D.Wis.2001), which concluded that removal is not effective until all steps required by statute have been completed; and *Hampton v. Union Pac. R.R. Co.,* 81 F.Supp.2d 703, 706–07 (E.D.Tex.1999), which held that removal is a three-step process under § 1446(d) and that state courts retain jurisdiction until all three requirements have been satisfied. Defendants have cited no authority to the contrary.

The First Circuit in *Berberian v. Gibney,* 514 F.2d 790 (1st Cir.1975), addressed problems that arise "when removal proceedings are not perfected with dispatch." *Id.* at 791. The Court in *Berberian* framed the issue as follows:

It is clear that once a removal petition has been filed and proper notice given adverse parties and the state court, the district court has exclusive jurisdiction over the case. *Georgia v. Rachel,* 384 U.S. 780, 797 n. 27, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). But what of the lapse between the filing of the petition in federal court and its filing in state court and notice to the opposing party?

. . .

[W]e are inclined to agree with Professor Moore, that the jurisdiction of the federal court attaches as soon as the petition for removal is filed with it, and that both state and federal courts have jurisdiction until the process of removal is completed. 1A Moore P 0.168(3.–8), at 509–11.

. . .

The district court in dismissing appellant's complaint ruled the default entered by the state court "a nullity" because it was entered after the filing of appellee's petition for removal. That ruling is inconsistent with our conclusion that the state court retained jurisdiction of the case until a copy of the removal petition was filed with it.

*Id.* at 792, 793.

Although neither party cited Fifth Circuit case law relative to this precise question, *Murray v. Ford Motor Co.,* 770 F.2d 461 (5th Cir.1985), is controlling. In *Murray* defendant filed notice of removal on October 8, 1982. Four days later on October 12, 1982, notice of the removal not having been received by the state court, default judgment was entered by the state

court. That same day, but after the default judgment was entered, plaintiff's attorney returned to his office and found that in his absence, he had received a copy of the notice of removal. He immediately advised counsel for the removing defendant. That afternoon defendant entered a motion to set aside the default judgment, and the state court granted the motion to set aside the default judgment. *Id.* at 462–63. The Fifth Circuit concluded:

> The parties do not dispute that the default judgment when entered was within the jurisdiction of the state court.... In *Medrano v. Texas*, 580 F.2d 803, 804 (5th Cir.1978), we held that the state court continues to have jurisdiction until it has been given actual or constructive notice of removal.... There was no such actual or constructive notice at the time the default judgment was entered, because neither the court nor appellant's attorney knew of the removal petition.

*Id.* at 463. Thus, the Fifth Circuit held that the state court continued to have jurisdiction to enter the default judgment, four days after the notice of removal was filed in federal court, because the clerk of the state court had not been notified of the removal. *Id.* However, the Fifth Circuit held that once the attorneys for both sides were aware of the removal and the clerk of the state court had been told of the removal, there was notice to the state court and the state court's jurisdiction ended. *Id.* Consequently the state court erred when it set aside the default judgment that it had entered earlier the same day. *Id.*

## CONSTRUCTIVE NOTICE OF REMOVAL

Four days after the decision was rendered in *Murray*, the Fifth Circuit was presented with the same issue. In the case of *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545 (5th Cir.1985), the Fifth Circuit again relied upon its decision in

*Medrano* and found in that case that constructive notice was accomplished by notice to counsel for the plaintiffs. *Id.* at 547–48. In the *Dukes* case, counsel for the plaintiffs received notice of the removal and subsequently participated in federal court litigation for a period of two years, during which time they responded to interrogatories and attended conferences. *Id.* The plaintiffs then went into state court, without advising the federal court or counsel opposite, and took a default judgment. *Id.* at 548. The Fifth Circuit presumed that the attorneys for plaintiffs fulfilled their ethical responsibility to advise the state court of the removal to federal court before the default judgment was taken. *Id.* at 547. The Court in *Dukes* therefore found constructive notice to the state court. *Id.* at 547–48. The Fifth Circuit in that case also found that the plaintiffs failed to make a timely objection to the removal, and thus waived their right to contest federal jurisdiction. *Id.* at 548.

■ Although Defendants in this case have cited no case law on the question of whether the state court had jurisdiction to enter the dismissal, they *do argue* in their brief that counsel for the Plaintiffs had notice of the removal, which under the teachings of *Dukes* would constitute constructive notice to the state court. However, two of the attorneys for the Plaintiffs have filed separate affidavits specifically and in detail denying that they had any knowledge of the removal of the case to federal court until the day after the stipulation of dismissal had been entered. Plaintiff's counsel do acknowledge that counsel for one of the defendants advised one of the attorneys for plaintiff that the defendants *might remove* to federal court; but, counsel for plaintiffs explicitly deny that they were told that the case was removed or that they had actual notice of

the removal. It is the Defendants, not Plaintiffs, who have the burden of proof to establish federal jurisdiction. It is the Plaintiffs who have filed affidavits in support of their position. Defendants have filed no evidence to show that there was either actual or constructive notice on the part of either of the attorneys for Plaintiffs or the clerk of the state court. Defendants have simply failed to carry their burden of proof on the issue of constructive notice.

It is inappropriate for this Court, or any federal court, to limit or circumscribe the power of a state court other than in accordance with the statute on removal, 28 U.S.C. § 1446. That statute provides that a state court's power ceases when that court has notice of the removal. The state court continues to have jurisdiction until it has received notice of the removal.

Again, the decision in *Murray* controls the question before the Court. The state court in this case continued to have jurisdiction until that court received actual or constructive notice of the removal. Since the state court had not received actual or constructive notice of the removal before the stipulation of dismissal was filed, the state court had jurisdiction at the time the stipulation of dismissal was entered. For that reason, the stipulation of dismissal was effective, unless the voluntary stipulation of dismissal was invalid for some other reason.

## EFFECT ON STATE COURT PROCEEDING OF FILING ANSWER IN FEDERAL COURT?

█ Defendants' primary defense seems to be that they filed an answer in federal court on February 15. Rule 41(a)(1), Mississippi Rules of Civil Procedure, as interpreted by the courts, provides that plaintiffs may not file a voluntary stipulation of dismissal in state court after the adverse party has filed "an answer or . . . a motion for summary judgment, . . . ." Thus, a second question is presented to the Court. When a notice of removal has been filed in federal court, but before a copy of the notice of removal has been filed with the clerk of the state court, does the filing of an answer in federal court have any effect on what can or cannot be done in state court? That seems to be a question of first impression in the Fifth Circuit. The Court has found no case on point and the parties have not called the Court's attention to any previous authority on this issue either in or outside of the Fifth Circuit.

Rule 41(a)(1) of the Mississippi Rules of Civil Procedure clearly speaks of responsive pleadings filed in state court. Defendants argue that Rule 41(a)(1) of the Federal Rules of Civil Procedure is identical. That is immaterial. The state court cannot be bound as to that of which it has no notice. Since the state court continued to have jurisdiction in this case, filing a responsive pleading in federal court did not have any effect on the state court proceeding. The authority cited above is to the effect that filing a removal in federal court has no effect on state court proceedings unless and until the state court receives notice of the removal. If the filing of a notice of removal in federal court, without notice to the state court, does not deprive a state court of jurisdiction, why would the filing of a responsive pleading in federal court effect the state court's jurisdiction? It would indeed be an anomaly for this Court to hold that filing a responsive pleading in federal court could limit or effect the state court's jurisdiction or power over a case, including the power to dismiss the case, when the filing of the notice of removal itself, in federal court, does not have any such effect.

Defendants have failed to establish that either the state court clerk or counsel for the Plaintiffs had any notice of the removal

prior to entry of the voluntary stipulation of dismissal. The filing of a responsive pleading in the federal court proceeding did not have any effect as to the state court proceedings. When the Plaintiffs filed a voluntary stipulation of dismissal in state court, it was effective, and the case was properly dismissed. There was nothing left to remove to this Court. Defendants could have protected themselves from what happened. They could have promptly ·filed a copy of the notice of removal with the state court clerk, as required by the statute, or they could have filed an answer in the state court proceeding. They did neither. Consequently, Plaintiffs' entry of a voluntary stipulation of dismissal in state court was effective. It dismissed the case.

This Court would remand this matter, but there is nothing to remand. This action was dismissed in state court while the state court still had jurisdiction and before the requirements of the removal statute had been fulfilled. Consequently, this Court confirms the dismissal of this action in state court. It is not necessary for the Court to address the other issues and motions raised by the parties.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this matter be and the same is hereby dismissed.

IT IS FURTHER ORDERED AND ADJUDGED that all other pending motions be dismissed as moot.