Jelani AIKEN, Plaintiff,

v.

WAFFLE HOUSE, INC., Defendant.

No. C/A 2:07–413–DCN.

United States District Court,
D. South Carolina,
Charleston Division.

June 14, 2007.

542

Margie L. Bright Matthews, Margie Bright Matthews Law Office, Walterboro, SC, for Plaintiff.

Andrew F. Lindemann, Davidson Morrison and Lindemann, Columbia, SC, Peden Brown McLeod, McLeod Fraser and Cone, Walterboro, SC, for Defendant.

## OPINION and ORDER

DAVID C. NORTON, District Judge.

This matter is before the court on plaintiff Jelani Aiken's motion to remand this action to state court due to a lack of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. For the following reasons, the motion to remand is denied.

### I. BACKGROUND

On September 29, 2006, South Carolina resident Jelani Aiken brought an action in the Court of Common Pleas for Colleton County against Maurice Kemp, also a South Carolina resident, and Waffle House, Inc., a corporation organized under the laws of the state of Georgia and with its principal place of business in Georgia. Plaintiff Aiken alleged that, on October 3, 2003 during a meal at the Bells Highway Waffle House in Walterboro (Unit 770), defendant Kemp—an employee of Waffle House—attacked him with a knife borrowed from the Waffle House kitchen. Plaintiff Aiken brought causes of action for assault and battery and negligence against Kemp and against Waffle House on a theory of respondeat superior, alleging that Kemp's actions occurred within the scope of his employment. Neither defendant responded to service of the summons and complaint.

On November 28, 2006, plaintiff Aiken served a notice of motion and moved for entry of default against both defendants. On December 5, 2006, after neither defendant responded, the clerk of court entered default against both Kemp and Waffle House. On December 12, 2006, Circuit Court Judge John Few issued an order of default and an order referring the case to a special referee—local attorney Scott Harvin—for a damages hearing. A damages hearing was held on December 22, 2006. Neither defendant appeared at the "hearing," and there is no written record of that hearing.

Following the damages hearing, plaintiff's counsel prepared a proposed order and submitted it to the special referee. *See* Lindemann Affidavit, ¶ 2.[1] On January 30, 2007, the special referee signed the proposed order after making some handwritten changes. The final order and judgment, filed February 5, 2007, entered judgment *only* against Waffle House, Inc., in the amount of $151,340.10 in actual damages and $75,000.00 in punitive damages. The final order states specifically that "The causes of actions [sic] against defendant Kemp is [sic] dismissed." *See* Final Order and Judgment, at 5.

The record is unclear as to precisely when Andrew Lindemann, Waffle House's attorney, first learned of the state court action. Lindemann states that he first learned on February 2, 2007 that the damages hearing had already taken place. *See* Lindemann Affidavit, ¶ 2. Lindemann received an unfiled copy of the final order and judgment on February 5, 2007 and a filed copy of the final order and judgment on February 8. *See* Lindemann Affidavit, ¶ 3.

In any event, on February 9, 2007, Waffle House filed its notice of removal of this case to federal court pursuant to 28 U.S.C. § 1446(b), asserting diversity of citizenship. On this same date, Waffle House filed a motion to vacate the default judgment or to set aside the entry of default

1. Defendant's counsel avers that plaintiff's counsel told him that the referee requested her to submit a proposed order. Plaintiff's counsel confirmed this fact at hearing.

under South Carolina Rules of Civil Procedure 55(a), 59(e), and 60(b)(1) and (3)-(4), alleging in large part that Waffle House was never properly served. Plaintiff has now moved to remand, and has objected to Waffle House's "motion for removal."

## II. STANDARD OF REVIEW

■■■ Under 28 U.S.C. § 1441, a case filed in state court may be removed to federal court if it is an action "of which the district courts of the United States have original jurisdiction." A party seeking removal bears the burden of establishing the existence of federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994). Because removal jurisdiction raises significant federalism concerns, a district court must strictly construe removal jurisdiction. *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). Further, if federal jurisdiction is in doubt, a remand is necessary. *Id.*

Pursuant to 28 U.S.C. § 1446(b),

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ..., except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

■■■ The Fourth Circuit, however, distinguishes between voluntary and involuntary dismissals in determining whether a dismissal can make a once non-removable case removable. *See Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162,

1166 (4th Cir.1988). Where removal is based on diversity of citizenship, diversity must exist at the time the action is instituted in state court *unless* the removal "is premised on the plaintiff's voluntarily dropping of the nondiverse defendant." *Heniford v. Am. Motors Sales Corp.*, 471 F.Supp. 328, 334 (D.S.C.1979). In the case of a voluntary dismissal, "diversity is tested only at the time of removal although diversity did not exist among the parties at the commencement of the state court action." *Id.*

■■■ "However, this is not the situation if the non-diverse party has been involuntarily dismissed by order of the state judge." *Higgins*, 863 F.2d at 1166.

The plaintiff may choose to appeal the dismissal. Although complete diversity may temporarily exist between the parties, suggesting that removal is proper, diversity jurisdiction may ultimately be destroyed if the state appellate court reverses the dismissal of the non-diverse party. Therefore, some cases are not removable despite complete diversity between the parties.

*Id.*

## III. DISCUSSION

### A. Removability of Default Judgments

■■■ In general, a case is not removable after the state court has rendered a final judgment. *See Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir.1988) ("it would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation"); *see generally* 14B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3721.[2]

---

2. It is worth noting that the *Rooker–Feldman* doctrine, which prohibits federal court review

■ There is, however, case law suggesting that a case must proceed through the state appellate courts to be "final" for these purposes. *See In re Meyerland Co.,* 910 F.2d 1257, 1266 (5th Cir.1990) (Higginbotham, J., concurring in part and dissenting in part) ("no case may be removed once the state *appellate* process has been exhausted") (emphasis added); *Holmes v. AC & S, Inc.,* 388 F.Supp.2d 663, 668 (E.D.Va.2004). Although there was a recorded judgment at the time the case was removed by Waffle House, the state court still had the authority to modify, amend, or vacate the default judgment because the time for filing post-judgment motions had not run at the time the case was removed to this court. "The proper analysis in determining whether a removable case existed does not examine whether the order was final at the time entered, but whether the order was still subject to the state court's modification or jurisdiction at the time of removal." *Holmes,* 388 F.Supp.2d at 668 (citing *In re Meyerland Co.,* 960 F.2d 512, 517 (5th Cir.1992), a related action to the Fifth Circuit's opinion cited above). Thus, it appears that this case was removable.

■ Upon removal "after a state court judgment has been entered, the district court should immediately adopt the judgment as its own. Thereafter, the parties should follow the applicable rules regarding post-judgment motions and notices of appeal." *Resolution Trust Corp. v. Allen,* 16 F.3d 568, 575 (4th Cir.1994). The same has been said for default judgments specifically:

of state court judgments, is not applicable here. Cases invoking the doctrine involve *separate* federal court actions, filed in the original jurisdiction of the court, rather than removal of state court actions over which the federal court has, at the time of removal, original jurisdiction. *E.g., Brown & Root,*

The federal rules apply after removal and neither add to nor abrogate what has been done in the state court prior to removal. The federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court. Therefore, this default judgment should be treated as though it had been validly rendered in the federal proceeding.... [A] motion to set aside a default may be made in the district court under Fed.R.Civ.P. 60(b) because of mistake, inadvertence, surprise, or excusable neglect.

*Butner v. Neustadter,* 324 F.2d 783, 785–86 (9th Cir.1963) (footnotes, internal quotations, and citation omitted). *See Murray v. Ford Motor Co.,* 770 F.2d 461, 463 (5th Cir.1985) ("The default judgment was in effect and continued in effect when the case was removed to the federal court.").

"[I]t is well established that a federal district court has jurisdiction to consider a motion for relief from an order of default entered in state court." A federal court has the power to set aside a default entered in state court in three situations: (1) "when a state court lacked jurisdiction to make an entry of default;" (2) "when a state court could have vacated its own default judgment;" and (3) "when a federal court could have vacated the entry of default."

*Cox v. Sprung's Transp. & Movers Ltd.,* 407 F.Supp.2d 754, 757 (D.S.C.2006) (Herlong, J.) (quoting *Hawes v. Cart Prods., Inc.,* 386 F.Supp.2d 681, 689 (D.S.C.2005) (Floyd, J.)).[3]

*Inc. v. Breckenridge,* 211 F.3d 194, 198–99 (4th Cir.2000).

3. *See generally* J.F. Ghent, Annotation, *Status, in federal court, of judgment or order rendered by state court before removal of case,* 2 A.L.R. Fed. 760 (1969 & Cum.Supp.2006). This annotation indicates that a default judgment

Here, plaintiff presents no legal argument that a default judgment cannot be removed. Thus, this issue is uncontested and, based on the relevant law set forth above, the court concludes that the default judgment was removable.

## B. Timeliness of Removal

 Plaintiff's primary contention is that removal was untimely under § 1446 because an agent of Waffle House had notice of the action in October 2006 and the removal was not effected within 30 days thereafter. This argument is based entirely on the assumption that Waffle House's local district manager (to whom the summons and complaint may or may not have been delivered) is an appropriate agent for the service of Waffle House. This, however, is not the relevant inquiry.

Waffle House argues that removal was proper because it acted as soon as it first received notice that the case was removable, under § 1446(b). It is undisputed that defendant Kemp remained a party to the state court action up until a damages hearing had taken place and a final judgment was entered proclaiming the allegations against the non-diverse defendant Kemp to be "dismissed." The special referee found that Kemp "was acting within the course and scope of his employment," that Waffle House was "directly responsible for [Kemp's] actions under the Doctrine of Respondeat Superior" and that Kemp's actions were "directly imputed to his employer."

The order imposing default judgment goes on to hold that "Plaintiff has met his burden of proving Defendant Kemp was at all times acting within the course and scope of his employment with Waffle House. That Defendant Waffle House are [sic] responsible as a matter of law for his actions. The causes of actions [sic] against Defendant Maurice Kemp is [sic] dismissed." Default judgment was entered only against Waffle House.

Thus, regardless of whether and when Waffle House was served, the state court judgment was the first "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" under § 1446(b). Because Waffle House filed its notice of removal in the state court within thirty days of the judgment, the case was timely removed.

## C. Voluntariness of Dismissal

Finally, as noted previously, the Fourth Circuit has found that only *voluntary* dismissals creating diversity jurisdiction may be removed to federal court. *See Higgins v. E.I. DuPont de Nemours & Co.,* 863 F.2d 1162, 1166 (4th Cir.1988); *Heniford v. Am. Motors Sales Corp.,* 471 F.Supp. 328, 334 (D.S.C.1979).[4] In *Heniford,* this court held that the plaintiff's attorney's closing statement asking the jury not to impose liability on the South Carolina resident constituted a voluntary dismissal for the purpose of removal to federal court. "It is quite well-settled that if the plaintiff voluntarily dismisses, discontinues, or in any way abandons, the action as to the resident joint defendant, the cause then becomes removable, and may, upon prompt action, be removed by the nonresident defendants

must be given full faith and credit by the federal court, but that the federal court can entertain motions to modify or vacate it. *See id.* (Cum.Supp.1996) (citing *Zeglis v. Sutton,* 980 F.Supp. 958 (N.D.Ill.1997)).

4. Importantly, the *Higgins* court found that, regardless of whether the dismissal was voluntary or involuntary, the federal court acted properly in granting summary judgment on the remaining claims because diversity existed at the time of judgment. 863 F.2d at 1166.

who have been served." 471 F.Supp. at 334 (citations omitted).

■ It is clear from the record that the order issued by the special referee, which rendered a default judgment only against Waffle House and not defendant Kemp, was drafted by plaintiff's counsel and changed only slightly by the referee. More important is the fact that the language dismissing Kemp from the case was not altered by the referee.[5] Thus, in state court plaintiff received exactly what he wanted, which included the dismissal of all allegations against Kemp.

In any event, the policy underlying the "voluntary/involuntary" distinction has not been infringed upon.

The voluntary/involuntary rule serves two purposes. First, the rule contributes to judicial economy. Removal following an involuntary dismissal may be only temporary: the plaintiff may appeal the dismissal in state court, and success on appeal would lead to the reinstatement of the non-diverse party, destroying federal jurisdiction and compelling remand to the state court. We are anxious to avoid this sort of yo-yo effect. Second, some courts have invoked a general principle of deference to the plaintiff's choice of forum. Allowing removal only when the plaintiff voluntarily dismisses a defendant ensures that the plaintiff will not be forced out of state court without his consent. Of course, this principle of deference is entirely inconsistent with the apparent purpose of the removal statute—to give defen-

dants a means to escape the plaintiff's hometown forum—but it is consistent with our general desire to limit federal jurisdiction.

*Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir.1992) (citations omitted).

Here, there is no chance that plaintiff will appeal the state court's dismissal of Kemp from the action; doing so may jeopardize the judgment it already has against Waffle House, and by all accounts Kemp is not in a financial position to substantially contribute to satisfying the judgment. Moreover, given the deference that this court must give to a validly-entered state court judgment, *see Resolution Trust Corp.*, 16 F.3d at 575, removal in this case will not invoke the fears traditionally associated with being "forced" into federal court, but it will be faithful to the purpose of the removal statutes.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that plaintiff's motion to remand is DENIED, and that plaintiff shall respond to defendant's motion to set aside the entry of default or vacate default judgment within fifteen (15) days of the date of this order.

**AND IT IS SO ORDERED.**

---

**5.** At the hearing on plaintiff's motion, plaintiff's counsel alleged for the first time that she sought joint and several liability against both Kemp and Waffle House but that the referee orally rejected this finding and directed counsel to submit a proposed order finding liability as to Waffle House only. There is simply no evidence in the record demonstrating that this is the case. There was no record or tran-

script of this hearing, there is no affidavit of counsel to this effect, and it is otherwise undisputed that the order eventually modified and entered by the special referee was drafted and submitted by plaintiff's counsel. Further, the grammar and syntax used throughout the proposed order appear consistent with the language dismissing Kemp as a defendant.